People v Luciano (2024 NY Slip Op 51090(U))

[*1]

People v Luciano

2024 NY Slip Op 51090(U)

Decided on August 21, 2024

City Court Of Yonkers

Best, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 21, 2024
City Court of Yonkers

The People of the State of New York

against
Ruben Luciano, Defendant

Docket No. CR-7071-23

Westchester County District Attorney
Yonkers Branch
104 South Broadway
Yonkers, NY 10701
Bradley L. Kaufman, Esq.
877 N. Corona Avenue
Valley Stream, NY 11580

Karen N. Best, J.

The following papers numbered 1 to 6 were read and considered on defendant's motion to deem the People's Certificate of Compliance ("COC"), supplemental Certificate of Compliance ("SCOC"), and statement of readiness invalid and illusory (CPL § 245.50[4]) and to dismiss the matter on speedy trial grounds (CPL §§ 170.30[1][e], 30.30).
Papers Numbered
Notice of Motion and Affidavits Annexed 1
Affirmations/Affidavits in Opposition 2
Replying Affidavits 3
Misdemeanor Information 4
Filed Papers 5,6
Factual Background
On July 22, 2023, the People filed a felony complaint charging defendant with Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02[1]). Thereafter, on September 27, 2023, the People filed a superseding misdemeanor information ("SMI") charging defendant with Menacing in the Second Degree (Penal Law § 120.14); Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01[2]); and Harassment in the Second Degree (Penal Law § [*2]240.26[1]). The matter was reduced to the misdemeanors in Court on October 4, 2023.
On November 22, 2023,[FN1]
the People filed a Certificate of Compliance ("COC") and declared ready for trial. Thereafter, on May 13, 2024, the People turned over additional discovery and filed a supplemental COC ("SCOC"). On June 7, 2024, defendant filed the instant motion. The People submitted opposition on July 17, 2024 and defendant replied on August 2, 2024. 

Certificate of Compliance
The People are required to " disclose to the defendant all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control " (CPL § 245.20[1]; People v. Bay, 41 NY3d 200 [2023]). The law is clear that " all items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency shall be deemed to be in the possession of the prosecution" (CPL § 245.20[2]). Additionally, "[t]he prosecutor shall make a diligent, good faith effort to ascertain the existence of material or information discoverable and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control " (CPL § 245.20[2]). 
Furthermore, upon providing the discovery required by CPL § 245.20, the People shall not be deemed ready for trial for purposes of CPL § 30.30 until they have filed a proper COC (CPL § 245.50[3]). In order to find the COC proper, this Court must be satisfied that " after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery " the People filed the COC in good faith and it was reasonable under the circumstances (CPL § 245.50[1]).
If any known discoverable materials are not exchanged prior to the filing of the COC, the prosecution must file a SCOC detailing the basis for the delayed disclosure and demonstrate how due diligence was exercised with regard to those items not exchanged (CPL § 245.50[1-a]; Bay, 41 NY3d 200). This Court should generally consider the following factors when assessing due diligence:
 the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery 
(Bay, 41 NY3d 200). 

Body Worn Camera Footage
Here, defendant argues the People failed to exercise due diligence and failed to make reasonable efforts to obtain and turn over all discovery in this matter. Specifically, defendant asserts the People failed to turn over body worn camera footage prior to filing their COC on November 22, 2023. The People concede in their SCOC it was not until " May 13, 2024, in preparation for [t]rial, the People met with Trooper Lulanaj, who informed the People that he [*3]had body[]worn camera video related to this incident" (SCOC filed May 13, 2024). The People assert this video footage was not provided to the People prior to May 13, 2024 (People's Opposition ["Opp."], Affirmation ["Aff."], pg. 2). Furthermore, the People assert "[a]s soon as the People became aware of this item's existence, the People immediately acquired it from Trooper Lulanaj and provided it to defense counsel that same date" (SCOC filed May 13, 2024; People's Opp., Aff., pg. 2). 
This Court, as well as, other New York courts have specifically invalidated COC's where the People fail to turn over body worn camera footage (People v. Kathy Gonzalez, CR-3196-22 [Yonkers City Court 2023]; People v. Tejonne Shubrick, CR-1851-22 [Yonkers City Court 2022]; People v. Carrillo, 75 Misc 3d 1227(A) (Bronx County Crim. Ct. 2022). Despite this, the People claim they "worked assiduously to ascertain the existence of and to disclose to defendant all discoverable material " (People's Opp., Aff., pg. 2). The People discuss their efforts in 2019 to prepare for the enactment of the new discovery laws and their general efforts to comply with impeachment documentation pursuant to CPL § 245.20[1][k] (id. at 2-4). Although this Court acknowledges the People's general discovery compliance efforts, these assertions are irrelevant as they fail to address the People's specific compliance with obtaining body worn camera footage related to the instant matter. 
Here, the People's opposition papers and the People's SCOC fail to state what efforts, if any, were conducted prior to the filing of the COC to obtain items of discovery other than an initial discovery demand sent to the New York State Police Department ("NYSPD") (Gonzalez, CR-3196-22; Shubrick, CR-1851-22). The People sent one (1) discovery demand to the NYSPD on July 22, 2023, the same date the initial felony complaint was filed (People's Opp., Aff., pg. 4). This demand requested " a complete copy of the Police Department's complete records and files related to the investigation of this case and the prosecution of this defendant" (id.; People's Exhibit 1). The discovery demand specifically indicated, "[a]ll electronic recordings; including radio transmissions, 911 recordings, body-worn camera footage, booking room footage, recorded interviews, and surveillance footage" (emphasis added; People's Exhibit 1, pg. 2). 
However, an initial discovery demand, with no follow up prior to filing a COC, is insufficient and does not demonstrate the People exercised due diligence nor made reasonable inquiries to ascertain the existence of discovery materials (CPL § 245.50[1]; Gonzalez, CR-3196-22; Shubrick, CR-1851-22). The People do not assert any follow up was made nor do the People indicate any conversations had with the NYSPD regarding discovery compliance. Rather, all the People provide in their Opposition is numerous dates they "electronically transmitted" discovery to defense counsel (People's Opp., Aff., pg. 5-6). The People fail to indicate what efforts were used to obtain the discovery they subsequently transmitted to defense counsel. 
Although the People requested said discovery from the NYSPD, it is undisputed they filed their COC on November 22, 2023, without providing defendant with body worn camera footage from Trooper Lulanaj. The People did, however, turn over body worn camera footage from other Troopers. The fact the People were in possession and turned over body worn camera footage from other Troopers requires this Court to find the People knew, and were aware, that members of the NYSPD, including Trooper Lulanaj, had body worn camera footage from the date of the incident. This missing material would have been obvious to a prosecutor exercising due diligence (Bay, 41 NY3d 200). However, the People concede it was not until they met with Trooper Lulanaj to prepare for trial did they become "aware" of body camera footage for this [*4]Trooper. The People should have inquired further as to the existence of this video prior to filing their COC.
The People's Opposition and SCOC fail to state what efforts, if any, besides one (1) initial discovery demand letter, were used to determine whether all discovery was obtained and turned over in this matter. As such, this Court finds the People failed to exercise due diligence, prior to filing their COC, to ensure they obtained body worn camera footage from all Troopers involved in the instant matter.The People argue defendant fails to show prejudice by the late turnover of discovery (CPL § 245.80). However, an analysis of CPL § 30.30 does not require an analysis of prejudice (Bay, 41 NY3d 200). Rather, prejudice is only a consideration for CPL § 245.80 sanctions, not a factor in a CPL § 30.30 analysis (id.). 
As such, this Court deems the People's COC and statement of readiness, filed on November 22, 2023, invalid for failing to turn over body worn camera footage. 
Impeachment Materials
Based on the foregoing invalidated COC, and upon this Court's CPL § 30.30 determination below, defendant's impeachment material argument is hereby rendered moot. This Court declines to render a determination as to impeachment material as it relates to the People's complaining witness, who is also a retired corrections/law enforcement officer. 
Although a moot issue, this Court finds it imperative to note the People's lack of opposition as to defendant's impeachment argument. The People's Opposition is completely devoid of facts, law, and/or analysis with regard to their failure to turn over impeachment material related to this witness.
As such, had this Court not rendered the issue moot, the COC and SCOC would likely have been deemed invalid based on a lack of opposition. 

CPL § 30.30
CPL § 30.30 "[w]as enacted to serve the narrow purpose of insuring prompt prosecutorial readiness for trial, and its provisions must be interpreted accordingly" (People v. Sinistaj, 67 NY2d 236, 239 [1986]). The movant bears the burden to demonstrate the "prosecution failed to declare readiness within the statutorily prescribed time period " (People v. Luperon, 85 NY2d 71 [1995]). Here, defendant meets his burden as the COC is deemed invalid. The burden then shifts to the People to establish that certain periods within that time should be excluded (id.). Here, it is imperative for this Court to note, again, the People's half-hearted Opposition which is devoid of facts, law, and/or analysis to oppose defendant's CPL § 30.30 timeline.[FN2]

Despite the lack of opposition, this Court will conduct a CPL § 30.30 analysis. Although there may have also been a meritorious argument, as discussed above, that the People's SCOC should be deemed invalid, this Court will use the People's filing of their SCOC on May 13, 2024 as the earliest date the People declared ready. 
The People must be ready for trial within six (6) months of the commencement of the criminal action on a felony (CPL § 30.30[1][a]) and ninety (90) days on a misdemeanor (CPL § 30.30[1][b]). The exception to this rule occurs when a case is commenced as a felony and [*5]thereafter replaced with an SMI (CPL § 30.30[7][c]; People v. Wahab, 77 Misc 3d 1212[A] [Crim Ct, Bronx County 2022]; People v. Carter, 83 Misc 3d 1225[A] [Yonkers City Ct. 2023]). Here, the ninety (90) day timeframe applies from the date the People filed the SMI on September 27, 2023 (CPL § 30.30[7][c]).
September 27, 2023 — May 13, 2024
The People filed an SMI on September 27, 2023. As discussed above, the People's COC and statement of readiness, filed on November 22, 2023, is deemed invalid and did not stop the speedy trial clock. This Court finds the People did not validly declare ready until May 13, 2024 when they filed their SCOC and turned over body worn camera footage. 
As the People do not assert any CPL § 30.30 exclusions exist for this time period, all time is chargeable to the People.
As such, two-hundred and twenty-nine (229) days are chargeable to the People.
COC and CPL § 30.030 Conclusion
The People's COC and statement of readiness, filed on November 22, 2023, is hereby deemed INVALID and ILLUSORY. The People did not declare ready for trial until May 13, 2024. This Court determines the People are charged with all time from the filing of the SMI until the filing of their SCOC. A total of two-hundred and twenty-nine (229) days are chargeable to the People. Defendant's CPL § 30.30 motion is hereby GRANTED as the People were required to be ready within ninety (90) days (CPL § 30.30[7][c]). The matter is hereby DISMISSED and SEALED.

Footnotes

Footnote 1:Throughout the People's Opposition they incorrectly state the COC was filed on January 18, 2024.

Footnote 2:This Court notes this is not the first time the People have filed Opposition to a defendant's COC and CPL § 30.30 challenge where their Opposition is completely devoid of a CPL § 30.30 analysis.